34518. DANIEL *v.* FORD MOTOR COMPANY.

DECIDED APRIL 22, 1953.

*T. Elton Drake, John M. Williams,* for plaintiff in error.

*T. M. Smith, Jr., MacDougald, Troutman, Sams & Schroder,* contra.

SUTTON, C. J. (After stating the foregoing facts.) It had been determined by the findings and award of the Workmen's Compensation Board, made on October 11, 1951, that the claimant was entitled to compensation on account of an accidental injury received by him while working for his employer, Ford Motor Company. This had been adjudicated and the employer was paying the claimant compensation in accordance with said award. The questions for determination by the Workmen's Compensation Board, as raised at the hearing on April 8, 1952, and at the subsequent hearing on May 16, 1952, were: (1) whether or not there had been a change in the claimant's physical condition since the award of October 11, 1951; and (2) whether or not the claimant was justified in failing to go to Dr. Robert F. Mabon, upon request of the employer, for an examination, after he had submitted himself to a physical examination by Dr. Charles S. Jones, designated by the employer, and upon the employer's request.

The deputy director was authorized to find from the evidence that there had been no change in the claimant's physical condition since the award of October 11, 1951, which adjudicated that he was entitled to compensation. The testimony of the two doctors, Dr. R. H. McClung for the claimant, and Dr. Charles S. Jones for the employer, was before the board at the original hearing when the award in favor of the claimant was made on October 11, 1951, and these same two doctors testified before the board at the hearing on April 8, 1952, which was continued over until May 16, 1952, with respect to the physical condition of the claimant then. Dr. McClung testified to the effect that his disability was still 100%, and Dr. Jones testified that he could not give him more than 20% disability. The claimant testified that he was still not able to work as a result of the injury sustained while working for his employer.

Did the board err in denying the employer's motion that the claimant be required to go to Dr. Mabon and submit himself to an examination by said physician? We think not, under the facts disclosed by the record and the law applicable thereto. Code § 114-503 provides in part: "After an injury and as long as he claims compensation, the employee, if so requested by his employer, shall submit himself to examination, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer or the Department of Industrial Relations [now the State Board of Workmen's Compensation]. The employee shall have the right to have present at such examination any duly qualified physician or surgeon provided and paid by him. No fact communicated to, or otherwise learned by, any physician or surgeon who may have attended or examined the employee, or who may have been present at any examination, shall be privileged, either in hearings provided for by this Title, or in any action at law brought to recover damages against any employer who may have accepted the compensation provisions of this Title. If the employee refuses to submit himself to or in any way obstructs such examination requested by and provided for by the employer, his right to compensation and his right to take or prosecute any proceedings under this Title shall be suspended until such refusal or objection ceases, and no compensation shall at any time be payable for the period of suspension unless in the opinion of the Department of Industrial Relations the circumstances justify the refusal or obstruction."

Under the provisions of this Code section, the employee, if so requested by his employer, shall submit himself to an examination, at reasonable times and places, by a qualified physician designated and paid by the employer, and, if he refuses to comply with such request, his compensation shall be suspended, unless in the opinion of the Workmen's Compensation Board the circumstances justify the refusal. Under the provisions of this section, the board had the power and authority to determine from the evidence and circumstances whether the employee was justified in refusing the employer's request, and the action of the board in such respect is judicial in its nature.

The record shows that, after the claimant made application

to the board on February 21, 1952, for a hearing as to a change in his condition and the hearing was set for April 8, 1952, the employer requested that the claimant go and submit himself to a physical examination by Dr. Charles S. Jones, the employer's doctor, and the claimant complied with that request and was examined by Dr. Jones some time in March, 1952. After such examination by Dr. Jones, and before the hearing on April 8, the employer requested that the claimant go to Dr. Robert F. Mabon and submit himself to another physical examination, and the claimant failed to comply with such request, as he had shortly prior thereto been examined by Dr. Jones at the instance and request of said employer. The board was authorized to find, in the exercise of its legal discretion, that the circumstances were such as to justify the claimant's refusal to submit to examination by Dr. Mabon.

The Workmen's Compensation Board is a fact-finding body, and it is well-settled law that the findings of such board, when supported by any competent evidence, shall not be set aside by the courts, in the absence of fraud. We are of the opinion, and so hold, that the judge of the superior court erred in setting aside the finding and award of the Workmen's Compensation Board and in ordering that compensation be suspended until the claimant complied with the employer's request that the claimant submit to an examination by Dr. Mabon.

*Judgment reversed. Felton and Worrill, JJ., concur.*